**James BURNS, et al., Plaintiff(s),**

v.

**INTERNATIONAL INSURANCE CO., et al., Defendant(s).**

**No. 88–3710–FMS.**

United States District Court,
N.D. California.

March 15, 1989.

---

Daniel J. Furniss, Khourie, Crew & Jaeger, P.C., San Francisco, Cal., for James K. Burns.

John F. Banker, Tiburon, Cal., for Patricia Ross.

Peter H. Ferris, Lempres & Wulfsberg, Oakland, Cal., for Walter H. Ratcliff.

Harry W.R. Chamberlain II, Musick, Peeler & Garrett, Los Angeles, Cal., for International Ins., et al.

## MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

FERN M. SMITH, District Judge.

### FACTS

The facts herein are essentially undisputed. Plaintiffs are directors and officers of a now defunct Savings and Loan business (S & L). Defendants are the International Insurance Company, the insurer that issued to plaintiffs a directors' and officers' liability policy (Policy), and International's claims representative, Crum & Forster.

In August 1984, the Federal Savings and Loan Insurance Corporation (FSLIC) investigated the S & L and came to an agreement (Supervisory Agreement) with the S & L whereby the FSLIC became its receiver and the directors and officers, some of whom are plaintiffs here, admitted to having violated certain statutes and regulations. In the Supervisory Agreement, the S & L was informed that a formal enforcement action by the FSLIC might follow.

The Policy herein is a claims made policy requiring plaintiffs to inform defendants of a claim (or a circumstance likely to lead to a claim) within 60 days of the expiration of the term of the policy. The policy term was from March 3, 1982 to March 3, 1985. Plaintiffs did not inform defendants of the FSLIC investigation and Supervisory Agreement until approximately one year after the expiration of the Policy.

Defendants' motion presents the following issues:

1. Whether the FSLIC claim was made during the time the Policy was in effect;

2. Whether plaintiffs timely reported the FSLIC claim to defendants under the Policy;

3. Whether the plaintiffs have stated a claim against defendant Crum & Forster;

4. Whether there is sufficient evidentiary support for the punitive damage allegation.

Plaintiffs have cross moved for summary judgment on the first two issues.

*Timely Claim*

■ Defendants direct the Court's attention to *Hoyt v. St. Paul Fire & Marine Ins. Co.,* 607 F.2d·864 (9th Cir.1979) and to *Bensalem Township v. Western World Ins. Co.,* 609 F.Supp. 1343 (E.D.Pa.1985). In *Hoyt,* the Ninth Circuit refused to "write uncertainty of coverage into every policy" by holding that a letter asking for explanations and threatening a claim if the explanations were unsatisfactory was a "claim" for the purposes of an insurance policy. *Hoyt,* 607 F.2d at 866. In *Bensalem,* the court was faced with the question whether the EEOC's informal pre-lawsuit proceedings constituted a claim within the meaning of an insurance policy. Even though the EEOC referred to the insured as the "prospective defendant" and alluded to its "alleged unlawful practice," the court held that there was no legal "claim" until the institution of a lawsuit requesting monetary or other relief. *Id.* at 1348.

Plaintiffs, on the other hand, direct the Court's attention to *Mt. Hawley v. Federal Savings & Loan Ins. Corp.,* 695 F.Supp. 469 (C.D.Cal.1987). *Mt. Hawley* involved facts similar to those herein. There, the FSLIC was in the process of enforcing its statutes and regulations against certain insureds. Threatening letters and a demand that the insureds adhere to the relevant laws were sent to the insureds during the policy period. The actual lawsuit was filed well after the expiration of the policy. The court held that the demand for compliance with the laws "constituted a claim made against the officers and directors of CSB during the period of the [insurance] policy." *Id.* at 479–80.

This Court holds that the FSLIC investigation and the Supervisory Agreement constituted a circumstance that might subsequently give rise to a claim, as defined in the Policy at Section VII.A.(ii). Given the conditional language of the Policy, there need not have been a formal claim or lawsuit for monetary damages.

*Timely Notice*

■ The next issue is whether the lack of timely notice, about which there is no material dispute, precludes defendants' liability on the policy. California's "notice-prejudice" rule operates to bar insurance companies from disavowing coverage on the basis of lack of timely notice unless the insurance company can show palpable prejudice from the delay. *E.g., Campbell v. Allstate Ins. Co.,* 60 Cal.2d 303, 32 Cal. Rptr. 827, 384 P.2d 155 (1963); *Clemmer v. Hartford Ins. Co.,* 22 Cal.3d 865, 151 Cal. Rptr. 285, 587 P.2d 1098 (1978).[1] Defendants here have not attempted to make any such showing. Rather, defendants urge that the distinction between a "claims made" insurance policy and an "occurrence" policy requires a departure from the ordinary application of the notice-prejudice rule.

■ A claims made policy generally provides coverage only for claims made and actually reported to the insured during the period specified in the policy. Occurrence policies cover the insured for any subsequent claim arising out of an occurrence that took place during the period specified in the policy. Under a claims made policy, even if events occur during the policy period which might give rise to valid claims, there is no coverage if claims or potential claims for those occurrences are not made and reported to the insurer during the period specified in the policy. *E.g., Pacific Indemnity Co. v. Imperial Cas. & Indemnity Co.,* 176 Cal.App.3d 622, 626 & n. 1, 222 Cal.Rptr. 115 (1986). Claims made policies are required to have a number of safeguards for consumers, including conspicuous language as to their terms. Cal.Ins.Code Section 11580.01. Under the terms of this Policy, claims for which the insured seeks coverage must

**1.** Jurisdiction of this action is based on 28 U.S.C. 1332. Therefore, this Court is bound to apply the substantive law of California. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Estrella v. Brandt,* 682 F.2d 814 (9th Cir.1982).

have been reported to the insurer within 60 days after the expiration date of the policy.

Defendants contend that the issue of whether the notice-prejudice rule applies to claims made policies has yet to be decided by the California courts.[2] This appears to be true. A number of cases, applying the law of other jurisdictions, use the fundamental distinction between claims made policies and occurrence policies to militate against application of the notice-prejudice rule. *E.g., City of Harrisburg v. Int'l Surplus Lines Ins. Co.,* 596 F.Supp. 954, 960–61 (M.D.Pa.1984) ("The notice provision of a claims made policy is just as important to coverage as the requirement that the claim be asserted during the policy period. If the insured does not give notice during the contractually required time period ... there is simply no coverage under the policy.").

■ An insurer may limit policy coverage in plain and conspicuous language and thereby limit the risk it undertakes to assume. *Fireman's Fund Ins. Co. v. Fibreboard Corp.,* 182 Cal.App.3d 462, 466, 227 Cal.Rptr. 203 (1986). Any limitations placed on a policy, however, must conform to the law and public policy and are subject to careful judicial scrutiny. *Lumberman's Mut. Cas. Co. v. Wyman,* 64 Cal.App.3d 252, 259, 134 Cal.Rptr. 318 (1976).

Defendants also cite authority from various other jurisdictions that have considered and upheld the reporting requirements of claims made policies. *E.g., City of Harrisburg,* 596 F.Supp. at 960–61; *Graman v. Continental Cas. Co.,* 87 Ill.App.3d 896, 42 Ill.Dec. 772, 775–777, 409 N.E.2d 387, 390–92 (1980); *Gulf Ins. Co. v. Dolan, Fertig & Curtis,* 433 So.2d 512, 514–15 (Fla.1983); *Zuckerman v. Nat. Union Fire Ins. Co.,* 100 N.J. 304, 495 A.2d 395, 399–400 (1985). In each of the state court cases cited above, the lower court had applied the respective jurisdiction's version of the notice-prejudice rule; in each case the state appellate court reversed, upholding a strict construction of the reporting requirement and refusing to rewrite the contract between the parties. According to defendants, this authority from other jurisdictions, combined with a number of public policy reasons favoring claims made type insurance policies[3], would lead the California Supreme Court to enforce the reporting requirement in a policy such as the one in this case. Plaintiffs, however, point out that there has been no type of policy to which the California courts have not applied the notice-prejudice rule, given the opportunity. Moreover, in *Mount Hawley v. FSLIC,* 695 F.Supp. 469 (C.D.Cal.1987), a federal court applied California's notice-prejudice rule to a claims made policy. The policy in *Mount Hawley,* however, suffered from public policy deficiencies similar to those discussed in *Brown–Spaulding, infra.*

In *Brown–Spaulding & Assocs. v. Int'l Surplus Lines Ins. Co.,* 206 Cal.App.3d 1441, 254 Cal.Rptr. 192 (1988), the California Court of Appeal considered a reporting requirement in a claims made policy. Under the policy issued to Brown–Spaulding, coverage extended only to those claims that were made and reported during the policy *period.* The court, although generally approving of claims made insurance policies, "conclude[d] that as a matter of law the reporting requirement in [the] insurance policy violates public policy and is unenforceable." *Id.* at 1450, 254 Cal.Rptr. 192. The court focused on the fact that the policy at issue required any claim to be

2. Sitting in diversity and with the highest state court not yet having ruled on this issue, this Court is required to "predict" how the state's highest court would rule if confronted with this issue. The state's lower courts provide valuable guidance but are not necessarily dispositive. *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 735 (9th Cir.1986); *Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1482–83 (9th Cir.1986), *modified,* 810 F.2d 1517 (9th Cir.1987).

3. *See Zuckerman,* 495 A.2d at 400; *Gulf,* 433 So.2d at 514–15. The most significant social utility of claims made policies is the lower cost to the insured, made possible by the increase in the certainty of the risk and premium calculations as well as the contemporaneity of the claim and the payment which obviates the uncertainties associated with the time value of money. Defendants argue that the notice-prejudice rule would serve to dilute that certainty and thus operate as a disincentive to issuance of claims made policies.

reported by the policy's termination date. In insurance terms, the policy had no reporting tail. This made it difficult, if not practically impossible, to obtain coverage under the policy for claims made toward the end of the policy period. *Id.* The policy in *Brown–Spaulding* expired on December 31, 1984 and was not renewed. The claim was reported on January 21, 1985, three weeks later. Significantly, the court found that the claim had been reported within a reasonable time of the expiration of the policy.

The *Brown–Spaulding* court distinguished a similar case, *Gulf Ins. Co., supra,* in which the option to purchase additional time to report the claim was clear and unconditional; under the policy in *Brown–Spaulding,* the option to buy additional reporting time was available only under certain conditions. *Brown–Spaulding,* at 1448, 254 Cal.Rptr. 192. The *Brown–Spaulding* court neither implied nor applied a notice-prejudice rule.

> We appreciate that one of the advantages of the claims made policy is liability coverage for a reduced premium and our decision does not prohibit the issuance of such a policy. However, as demonstrated by the instant case, the security of retrospective coverage afforded to an insured may only be illusory because of reporting requirements. Thus, by our holding today ... a reporting provision in a claims made and reported requiring a claim to be reported to the insurer *during the policy period* is void and unenforceable....

*Id.* (emphasis added).

Under the Policy herein, a claim made during the policy period must be reported within 60 days after termination of the policy. Plaintiffs were also entitled to purchase a one year reporting period additional to the 60 day reporting period in their policy, but declined to exercise that option. Plaintiffs did not actually notify defendants until months after the 60 day period had expired.

The *Brown–Spaulding* court explicitly held that three weeks was a "reasonable" time in which to have reported a claim. If the notice-prejudice rule were applicable to this type of claims made policy, the *Brown–Spaulding* court would have had no cause to decide the reasonableness of the notice. Under the notice-prejudice rule, the timing of notice to the insurer is irrelevant; the only pertinent inquiry is whether there was prejudice to the insurer.

The 60 day reporting tail on the Policy herein is reasonable. This extra time to report claims for which an insured reasonably expects to be covered, combined with the opportunity to purchase additional reporting time, rescues this Policy from invalidity under *Brown–Spaulding.*

In light of the pronouncements in *Brown–Spaulding,* and a trend toward encouraging an environment in which claims made policies can serve their intended purpose, this Court believes that the California Supreme Court would, if faced with this issue, reject application of the notice-prejudice rule to claims made policies and strictly construe their reporting requirement, so long as those requirements were reasonable and in line with public policy.

The social utility of claims made policies has been well documented. *See Brown–Spaulding,* at 1447–1450, 254 Cal.Rptr. 192 (and authorities cited therein). The actuarial certainty of a claims made policy enables an insurer to attain a level of predictability unattainable under standard occurrence policies. This heightened predictability translates into significantly lower costs to consumers. An indispensable component of that predictability is the ability of the insurer to close its books on a policy. This enables an insurer to be more precise in calculating its necessary reserves and future premiums, among other things. The notice-prejudice rule is antithetical to this type of certainty and serves as a disincentive for insurers to offer this reduced-rate coverage.

### Crum & Forster

■ Plaintiffs have submitted no evidence—only assertions of counsel—tending to show that Crum & Forster is a party to the Policy at issue. Defendants have submitted declarations of a representative of Crum & Forster to the effect that it is not

a party to the Policy. Additionally, defendants point to an attachment to the plaintiffs' own complaint in this action—an application to renew the insurance policy in which the question of the identity of plaintiffs' previous insurer is answered by the plaintiffs themselves as "International Insurance Co."

Plaintiffs point to the fact that the name Crum & Forster appears on the face of the policy. Yet plaintiffs offer no evidence to contradict Crum & Forster's sworn assertion that it acted merely as the underwriting and claims representative for International. Nor can Crum & Forster, as agent, be held liable on any theory based on conspiracy or implied contractual duties on the facts as pleaded. *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973). Therefore, defendant Crum & Forster's motion for summary judgment is granted.

CONCLUSION

Defendant Crum & Forster's motion for summary judgment is GRANTED. Defendant International's motion for summary judgment is GRANTED. Plaintiffs' cross-motion for summary judgment is DENIED. The Court does not reach the issue of punitive damages.