CHAS. T. MAIN, INC. *vs.* FIREMAN'S FUND INSURANCE
COMPANY & another.[1]

Suffolk. December 5, 1989. - March 8, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Insurance*, Liability insurance, Notice. *Words*, "Claims-made policy."

An insurance company attempting to be relieved of its obligations under a
professional liability insurance policy written on a "claims made" basis
and not covered by G. L. c. 175, § 112, on the ground of untimely
notice was not required to demonstrate that the breach resulted in
prejudice to its position. [863-866]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 29, 1987.

The case was heard by *Paul K. Connolly*, J., on motions
for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Kenneth J. Mickiewicz* (*Richard S. Nicholson* with him)
for the plaintiff.

*John P. Ryan* (*Robert G. Eaton* with him) for the
defendants.

*Acheson H. Callaghan, Jr., Steven L. Schreckinger &
Michael T. Gass*, for Medical Malpractice Joint Underwrit-
ing Association of Massachusetts & another, amici curiae,
submitted a brief.

NOLAN, J. In a complaint which contains counts for
breach of contract, and violations of G. L. c. 93A, §§ 2, 11
(1988 ed.) (Consumer Protection Act), and G. L. c. 176D,
§ 3 (1988 ed.) (unfair or deceptive acts in the insurance in-

[1]American Insurance Company which is affiliated with Fireman's Fund
Insurance.

dustry), the plaintiff seeks recovery based on its insurance policy with the defendants.

The plaintiff's motion for summary judgment was denied and summary judgment was entered for the defendants. See Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). The plaintiff appealed and we transferred the case to this court on our own motion. We affirm.

From the material presented to the judge, we learn that in 1977, the city of Lakeland, Florida, hired the plaintiff to provide professional services as consulting engineer for the design and construction of an extension to a power generation facility. On September 14, 1984, when sued by a subcontractor on this job, Lakeland named the plaintiff as a "counterdefendant." At the time that this claim was asserted by Lakeland, the plaintiff maintained primary professional liability coverage with CNA Insurance Companies (CNA) and excess insurance coverage with the defendants. These policies were in effect during the period May 1, 1984, to May 1, 1985, and all were written on a "claims made" basis, as we shall discuss. The plaintiff gave notice of the Lakeland claim to CNA on or about September 20, 1984. However, the plaintiff did not give notice of the Lakeland claim to the defendants until March, 1987. The defendants denied coverage because, they contended, the notice was untimely. We agree.

The only issue is whether the defendants are required to demonstrate prejudice resulting from the untimeliness of the notice. Although the parties argue the issue of choice of law as between the law of Massachusetts and the law of Florida, we need not discuss this issue because we decide that Massachusetts law coincides with Florida law on the relevant issues and we, accordingly, apply Massachusetts law.

*Requirement of timely notice.* This case involves a claims-made insurance policy. Our analysis requires an understanding of the difference between such policies and occurrence policies. Coverage is effective in an occurrence policy if the covered act or covered omission occurs within the policy period, regardless of the date of discovery. A claims-made pol-

icy covers the insured for claims made during the policy year and reported within that period or a specified period thereafter regardless of when the covered act or omission occurred.

There are, in general, two types of notice requirements found in policies. One is a requirement that notice of the claim be given to the insurer "as soon as practicable" after the event which gives rise to coverage. This type of notice requirement is almost always found in occurrence policies and frequently is found in claims-made policies. The other type of notice provision requires reporting of the claim during the term of the policy or within a short period of time (thirty or sixty days) following the expiration of the policy. This type of notice is always found in claims-made policies and is never found in occurrence policies.

The purposes of the two types of reporting requirements differ sharply. The purpose of a notice requirement, "as soon as practicable," is to permit an insurer to make an investigation of the facts and occurrence relating to liability. See *Bayer & Mingolla Constr. Co.* v. *Deschenes*, 348 Mass. 594, 600 (1965). However, fairness in rate setting is the purpose of a requirement that notice of a claim be given within the policy period or shortly thereafter, as we explain below.

An insurer has a difficult time setting rates in these inflationary, and otherwise rapidly changing, times, especially in connection with occurrence policies. The insurer may not be in a position to make good on its promise to indemnify the insured until many years after the insured event, that is, the occurrence, has happened. For example, in 1990, an insurer may promise to indemnify its insured for losses the insured may incur due to occurrences during that calendar year. Assume that, in 1990 the average broken leg brings $10,000 in settlement or verdict. The rate is likely to be based on that hypothesis or on an assumption of a rate of inflation that may be too low. Also, the rate setter must guess at the likely period between occurrences and payoff dates. If the claim for the broken leg is not made against the insured until 1995 (or 2000), the insurer may end up paying $30,000 for that injury, an amount no one could have predicted.

406 Mass. 862                                               865

Chas. T. Main, Inc. *v*. Fireman's Fund Ins. Co.

The closer in time that the insured event and the insurer's payoff are, the more predictable the amount of the payment will be, and the more likely it is that rates will fairly reflect the risks taken by the insurer. The purpose of a claims-made policy is to minimize the time between the insured event and the payment. For that reason, the insured event is the claim being made against the insured during the policy period and the claim being reported to the insurer within that same period or a slightly extended, and specified, period. If a claim is made against an insured, but the insurer does not know about it until years later, the primary purpose of insuring claims rather than occurrences is frustrated. Accordingly, the requirement that notice of the claim be given in the policy period or shortly thereafter in the claims-made policy is of the essence in determining whether coverage exists. Prejudice for an untimely report in this instance is not an appropriate inquiry.

The plaintiff relies heavily on the last sentence of G. L. c. 175, § 112,[2] in support of its argument that an insurer may not rely on lateness of notice to avoid coverage in the absence of demonstrated prejudice. We think, however, that § 112 applies only to the "as soon as practicable" type of notice and not to the "within the policy year" type of reporting requirement which is contained in the policy under

---

[2] General Laws c. 175, § 112 (1988 ed.), provides: "The liability of any company under a motor vehicle liability policy, as defined in section thirty-four A of chapter ninety, or under any other policy insuring against liability for loss or damage on account of bodily injury or death, or for loss or damage resulting therefrom, or on account of damage to property, shall become absolute whenever the loss or damage for which the insured is responsible occurs, and the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of said loss or damage. No such contract of insurance shall be cancelled or annulled by any agreement between the company and the insured after the said insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. An insurance company shall not deny insurance coverage to an insured because of failure of an insured to seasonably notify an insurance company of an occurrence, incident, claim or of a suit founded upon an occurrence, incident or claim, which may give rise to liability insured against unless the insurance company has been prejudiced thereby."

review in this case and was not met. A requirement that an insurer on a claims-made policy must show that it was prejudiced by its insured's failure to report a claim within the policy period or a stated period thereafter would defeat the fundamental concept on which claims-made policies are premised. The likely result would be that claims-made policies, which offer substantial benefits to purchasers of insurance as well as insurance companies, would vanish from the scene. It would be unreasonable to think that the Legislature intended such a result.[3]

*Judgment affirmed.*

---

[3]For the same reason, we reject any suggestion that we should declare as a matter of common law, see *Johnson Controls, Inc.* v. *Bowes*, 381 Mass. 278 (1980), that, to defeat coverage under a claims-made policy, an insurer must show that it was prejudiced by its insured's noncompliance with a "within the policy year" notice requirement.