Michael M. HACHIGIAN,
Plaintiff–Appellant,

v.

CNA INSURANCE COMPANIES,
Defendant,

and

Transcontinental Insurance Company,
Defendant–Appellee.

No. 99–55339.
D.C. No. CV–98–07841–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2001.*

Decided Feb. 8, 2001.

Before D.W. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Michael M. Hachigian appeals a summary judgment in favor of Transcontinental Insurance Co. ("Transcontinental") in a diversity action alleging the breach of an insurance contract and a breach of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

duty of good faith and fair dealing. We affirm the grant of summary judgment.

Hachigian's malpractice insurance policy covered "claims made against [Hachigian] and reported to [Transcontinental] during [the] policy term." The policy defined "claim" as "the receipt of a demand for money or services, naming [insured] and alleging a wrongful act." Because California's notice-prejudice rule does not apply to "claims made" policies, the terms of Transcontinental's contract with Hachigian should be strictly enforced. *See Burns v. International Ins. Co.*, 929 F.2d 1422, 1425 (9th Cir.1991) (holding that notice-prejudice rule does not apply to claims-made policies). *Accord Helfand v. National Union Fire Ins. Co.*, 10 Cal. App.4th 869, 888, 13 Cal.Rptr.2d 295, 305 (1992); *Slater v. Lawyers' Mutual Ins. Co.*, 227 Cal.App.3d 1415, 1421–24, 278 Cal. Rptr. 479, 482–83 (1991); *Pacific Employers Ins. Co. v. Superior Court*, 221 Cal. App.3d 1348, 1356–57, 270 Cal.Rptr. 779, 783 (1990). Under the terms of the insurance contract, Transcontinental properly denied coverage to Hachigian on the basis of his failure to report the claim against him within the policy period, and it is unnecessary to decide the question of whether the filing of the malpractice suit constituted a "claim made" against Hachigian. Finally, a "claims made and reported policy" such as the one at issue in the present case violates neither the word nor the spirit of Cal. Ins.Code § 11580.01.

Therefore, the district court is AFFIRMED.