OREGON SCHOOLS ACTIVITIES AS-
SOCIATION, an Oregon non-profit
corporation, Plaintiff–Appellant,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, a na-
tional property and casualty corpora-
tion, Defendant–Appellee.

No. 05–36129.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed May 22, 2008.

Jonathan Mark Radmacher, J. Kurt
Kraemer, Trung D. Tu, McEwen Gisvold,
LLP, Portland, OR, for Plaintiff–Appel-
lant.

Neal J. Philip, Donald J. Verfurth, Gor-
don & Rees LLP, David W. Silke, Carney
Badley Spellman, PS, Seattle, WA, for De-
fendant–Appellee.

Before: TALLMAN, CLIFTON, and,
N.R. SMITH Circuit Judges.

MEMORANDUM *

Oregon Schools Activities Association
(OSAA) appeals the district court's order
granting summary judgment in favor of
National Union Fire Insurance Company
of Pittsburgh (National Union) on OSAA's

---

\* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

claim that National Union wrongfully denied coverage under two insurance policies covering certain claims against OSAA. The insurance policies were claims-made-and-reported policies, providing coverage only for claims filed against OSAA and reported to National Union during the policy period. OSAA admits that it did not provide National Union timely notice of the claim filed against it, but argues that it is still entitled to coverage because National Union failed to show that it was prejudiced by the lack of timely notice, or, in the alternative, because National Union waived the untimely notice defense. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review a grant of summary judgment de novo. *Burns v. Int'l Ins. Co.*, 929 F.2d 1422, 1424 (9th Cir.1991). Because federal jurisdiction in this case is predicated on diversity of citizenship, we must follow Oregon law. *See id.*

The notice-prejudice rule OSAA relies on provides that an insurer may not deny coverage due to the insured's failure to give timely notice unless the insurer can show it was prejudiced thereby. *See Lusch v. Aetna Cas. & Sur. Co.*, 272 Or. 593, 538 P.2d 902, 904 (1975). Oregon applies this rule to occurrence insurance policies. *See id.* Neither the Oregon Supreme Court nor the Oregon Court of Appeals has decided whether the notice-prejudice rule applies to claims-made-and-reported policies as well. In the absence of applicable state law precedent "we must resort to other authority and exercise our own best judgment in determining how [Oregon] would resolve the issue."[1] *Burns*, 929 F.2d at 1424.

■ We believe that Oregon would follow the weight of authority and hold that the notice-prejudice rule does not apply to claims-made-and-reported policies because of the different purpose the notice provision serves under each type of policy. The purpose of the notice provision in an occurrence policy is to allow the insurer to conduct a timely investigation of the incident giving rise to coverage. *See Gulf Ins. Co. v. Dolan, Fertig & Curtis*, 433 So.2d 512, 515 (Fla.1983). Applying the notice-prejudice rule in such cases makes sense "because to do so merely preserves *existing* coverage and, absent a showing of prejudice, does not materially alter the insurer's risk." *Safeco Title Ins. Co. v. Gannon*, 54 Wash.App. 330, 774 P.2d 30, 35 (1989) (emphasis added). With claims-made-and-reported policies, however, giving notice within the policy period is what actually creates coverage in the first instance. *See Nat'l Union Fire Ins. Co. v. Willis*, 296 F.3d 336, 339 (5th Cir.2002) ("The insured's giving notice to the insurer triggers coverage."); *Gulf Ins. Co.*, 433 So.2d at 515. Allowing the insured to invoke the notice-prejudice rule to claims made during the policy period but reported after the policy period ends would "provide coverage the insurer did not intend to provide and the insured did not contract to receive." *See Burns*, 929 F.2d at 1425 ("To apply the notice-prejudice rule to a claims-made policy would be to rewrite the policy, extending the policy's coverage at no cost to the insured."); *Safeco Title Ins. Co.*, 774 P.2d at 35. We do not believe Oregon would intend such a result and agree with the district court that National Union was not required to show that it was prejudiced by OSAA's untimely notice before denying coverage on that basis. *See,*

---

**1.** OSAA has moved to certify the question to the Oregon Supreme Court. The decision whether to certify a question of state law to a state supreme court rests in the sound discretion of the federal court. *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). We find that certification is not necessary in this case and deny OSAA's motion.

*e.g., Herman v. Valley Ins. Co.,* 145 Or. App. 124, 928 P.2d 985, 990 (1996) (holding "the rule that an insurer must show prejudice before it can deny coverage for failure to receive timely notice of a claim by its insured has no applicability in the context of suit limitation provisions," which serve a similar purpose as claims-made-and-reported policies).

■ For the same reason, we find that National Union did not waive the defense of untimely notice. Under Oregon law, waiver is not available to prevent the insurer from asserting a policy defense if the defense is a condition of coverage; otherwise the plaintiff would be able to create coverage through a waiver argument where none existed. *See ABCD … Vision, Inc. v. Fireman's Fund Ins. Cos.,* 304 Or.301, 744 P.2d 998, 1001 (1987); *Farmers Ins. Co. of Or. v. Munson,* 127 Or.App. 413, 873 P.2d 370, 373 (1994). Because notice under a claims-made-and-reported policy is the very act that triggers coverage, *see National Union Fire Insurance Co.,* 296 F.3d at 339, it is not a defense that can be waived, even if the insurer also asserts other defenses.

AFFIRMED.