MEMORANDUM ***
Charles Dunn Company, Inc. (“CDCI”) brought this action after Tudor Insurance Company (“Tudor”) declined coverage under a “claims made and reported” professional liability policy for an action brought by the DuLaurence Trust against CDCI for “flipping” real estate. CDCI alleged claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The district court granted summary judgment and CDCI timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
I.
We review the grant of summary judgment de novo. Olympic Pipe Line Co. v. City of Seattle, 437 F.3d 872, 877 n. 11 (9th Cir.2006). Viewing the facts in the light most favorable to CDCI, we must determine whether a genuine issue of material fact exists and whether the district court applied the law correctly. See id. No disputed issues of fact exist. Because federal jurisdiction is based on diversity of citizenship, we apply California law. Burns v. Int'l Ins. Co., 929 F.2d 1422, 1424 (9th Cir.1991).
II.
On October 21, 2005, counsel for the DuLaurence Trust by mail and fax sent a letter to CDCI. The letter charged CDCI with fraudulent misconduct and breach of fiduciary duty and sought payment to the Trust of lost profits, interest, and other expenses. Enclosed with the letter was a “draft of a complaint we intend to file,” which alleged breach of fiduciary duty, fraud, negligent misrepresentation, and failure to exercise reasonable skill and care by CDCI and its agents and sought $1 million in general damages, prejudgment interest, punitive damages, and costs. It asked for a response by November 2. On November 7, 2005, the Trust filed the complaint enclosed in its October 21 letter in state court.
The policies do not define “claim.” A “claim” under California law
is a demand for something as a right, or as due. A claim requires more than an inquiry requesting an explanation or the lodging of a grievance without a demand for compensation, but less than the institution of a formal lawsuit. The word claim imports the assertion of a liability *151 to the party making it to do some service or pay a sum of money....
Hill v. Physicians & Surgeons Exch., 225 Cal.App.3d 1, 5-6, 274 Cal.Rptr. 702 (1990) (internal citations omitted). The October 21 letter is a “claim” because the DuLaurence Trust asserted its intent to file a lawsuit unless a monetary payment was made, backed up by the enclosed draft complaint seeking damages. See id.', Williamson & Vollmer Eng’g, Inc. v. Sequoia Ins. Co., 64 Cal.App.3d 261, 269-70, 134 Cal.Rptr. 427 (1976) (letter holding the insured responsible for correcting an error and stating that the insured would be back charged for all corrective work constituted a “claim”).
Because the DuLaurence Trust claim was “first made” to CDCI on October 21, 2005, CDCI was required to report the claim to Tudor during the 2004-2005 policy period. CDCI failed to do so and did not report the claim until February 9, 2006, during the 2005-2006 policy period. Tudor properly declined coverage for the claim. We therefore need not reach the other decimation grounds.
III.
CDCI’s argument that the “policy period” is four years because it includes the renewal policy periods fails. The renewal of an insurance policy constitutes a separate and distinct contract for the period of time covered by the renewal and is not a continuous contract “unless there is clear and unambiguous language showing the parties intended to enter into one continuous contract.” A.B.S. Clothing Collection, Inc. v. Home Ins. Co., 34 Cal.App.4th 1470, 1476-78, 41 Cal.Rptr.2d 166 (1995); see Karen Kane Inc. v. Reliance Ins. Co., 202 F.3d 1180, 1183 (9th Cir.2000) (finding “A.B.S. to be a persuasive statement of California law”). The 2004-2005 policy period does not include the 2005-2006 policy period because each policy was a separate and distinct contract. See A.B.S., 34 Cal. App.4th at 1476-78, 41 Cal.Rptr.2d 166. Tudor issued separate policy documents for each renewal policy and each renewal policy identified a separate policy period.
IV.
CDCI’s alternative argument that reporting outside the policy period was equitably excused under Root v. American Equity Specialty Insurance Co., 130 Cal. App.4th 926, 30 Cal.Rptr.3d 631 (2005), also fails. In Root, the insured received a telephone call in the nature of “hearsay regarding a potential claim” two business days before the expiration of the policy period. See id. at 930, 30 Cal.Rptr.3d 631. Upon receiving reliable information about the claim two days after the policy expired, he “immediately ” notified the insurer. Id. at 931, 30 Cal.Rptr.3d 631 (emphasis in original). In contrast, CDCI had nine business days after receiving the October 21 letter before the 2004-2005 policy expired in which to report the DuLaurence Trust claim to Tudor. It did not report the claim until approximately three and a half months after the October 21 letter and three months after the DuLaurence Trust filed suit.
V.
Finally, Tudor cannot be found to have breached the implied covenant of good faith and fair dealing when it declined coverage because no coverage was due to CDCI, which is a prerequisite for a bad faith claim. See Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1158 (9th Cir.2002); Waller v. Truck Ins. Exch., Inc., 11 Cal.4th 1, 35-36, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995) (“It is clear that if there is no potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for *152 breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer.”).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.