GARY R. KLAUSNER, United States District Judge
I. INTRODUCTION
Pending before the Court is Plaintiff Centurion Medical Liability Protective Risk Retention Group. Inc.'s ("Plaintiff") Motion for Partial Summary Judgment. (Dkt. No. 43 (hereinafter, "Motion" or "Mot.").) Specifically, Plaintiff seeks a declaratory judgment that it has no duty to defend Celina Gonzalez, a Certified Nurse Midwife ("Gonzalez"), Stephen N. Pine, M.D. ("Dr. Pine"), and S. Pine, a Medical Corporation (collectively, "Defendants") in an underlying lawsuit because Defendants gave late notice of the claim. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS in part and DENIES in part Plaintiff's Motion.
II. BACKGROUND
A. Factual Background
Plaintiff issued a professional liability insurance policy to Defendants, effective May 30, 2016 through May 30, 2017 (hereinafter, the "Policy"). (Dkt. No. 50, Separate Statement of Uncontroverted Material Facts and Conclusions of Law in Support of Motion (hereinafter, "SUF") ¶ 6; Dkt. No. 48-1 (Policy), Exh. A at 2.) The Policy states:
This underlying master policy is a claims-made policy with defense costs included within policy limits. The coverage provided by this policy is limited to those claims which arise from professional services rendered after the retroactive date stated on the declarations page and which are first made against the insured and reported to the Company in writing during the policy period.
(Dkt. No. 48-1 (Policy), Exh. A at 12 (emphasis added).) The Policy defines the scope of coverage as follows:
In consideration of the payment of premium, upon compliance with all terms of this policy and subject to the specific terms, conditions and exclusions contained in this policy, and except as otherwise provided herein, the Company will pay on behalf of the Insured all sums, not to exceed the Policy Limits, which the Insured shall become legally obligated to pay as damages because of injury or death arising out of medical negligence of the Insured during the policy period, for a Claim when timely *1215 notice of such Claim is made to the Company within the policy period , and for which a judgment against the Insured is entered following an actual trial in a court of competent jurisdiction.
(Policy at 13.) A "Claim" is defined as:
A written notice received by an Insured, and forwarded to the Company, from a person or Entity, alleging that such person or Entity has been damaged by an Insured and demanding monetary damages or notifying the Insured of an intention to hold an Insured responsible for an occurrence; or the filing of a civil lawsuit seeking monetary damages.
(Id. ) Under the heading, "Notice of Claim," the Policy imposes an additional reporting requirement:
You are obligated to provide written notice of the existence of a patient's claim against you to the Company promptly, and in any event not more than 20 days after receiving such claim. Notice of this claim is deemed to have been "made" to the Company, for purposes of policy coverage, on the date the Company first receives a written notice from you notifying the Company of the claim.
(Id. (emphasis added).)
The Policy also contains an exclusion barring coverage for late notice (hereinafter, the "Late Notice Exclusion"):
The Company shall not be liable to pay or defend any claim for medical negligence against the Insured for which the Company does not receive written notification from you within 20 days after the Insured first receives a Claim as defined in Section 1.01(a) of this Policy.
(Id. at 14.)
On September 28, 2016, J.H., a minor, through his guardian ad litem, filed a personal injury lawsuit against Defendants, alleging that J.H. suffered bodily injury due to Gonzalez's professional negligence in delivering J.H. (SUF ¶¶ 1-3; Dkt. No. 48-3, Exh. C (complaint in Hernandez v. Good Samaritan Hospital et al., Los Angeles County Superior Court Case No. BC 635723 (hereinafter, the "Hernandez Action")).)
The summons and complaint in the Hernandez Action were served on Gonzalez on or about November 13, 2016. (SUF ¶ 11.) Defendants tendered their defense to Plaintiff sixty-six days later, on January 18, 2017, when Dr. Pine provided a copy of the Hernandez complaint to Plaintiff. (SUF ¶¶ 13, 14.)
B. Procedural Background
On February 27, 2017, Plaintiff commenced the instant action, seeking declaratory judgment that (1) it has no duty to defend Defendants in the Hernandez Action given that Defendants notified Plaintiff of the lawsuit more than 20 days after it was filed; (2) it has no duty to defend Defendants given the Policy exclusion barring coverage for high risk pregnancies; (3) the additional terms, conditions, exclusions, and endorsements in the Policy bar coverage; and (4) it has no duty to indemnify anyone for any judgment rendered in the Hernandez Action. (See Dkt. No. 1.)
On July 30, 2017, Plaintiff filed this Motion, seeking summary judgment as to its first and third claims for declaratory relief. (Dkt. No. 43.) Concurrently, Plaintiff filed a Request for Judicial Notice. (Dkt. No. 49.) Defendants opposed the Motion on August 28, 2017 ("Opp'n") (Dkt. No. 57), and Plaintiff replied on September 1, 2017 (Dkt. No. 62.)
III. JUDICIAL NOTICE
Plaintiff asks the Court to take judicial notice of the following: (1) the complaint in the Hernandez Action; (2) the Complaint in the instant action; (3) the *1216 Answer in the instant action; and (4) the proof of service on Gonzalez in the Hernandez Action. A court "may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). It is also "well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence." Gerritsen v. Warner Bros. Entm't Inc., 112 F.Supp.3d 1011, 1034 (C.D. Cal. 2015). The complaint and proof of service on Gonzalez in the Hernandez Action were filed in the Los Angeles County Superior Court. (Dkt. No. 48-3, Exh. C; Dkt. No. 48-7, Exh. G.) The Complaint and Answer in the instant action were filed in this Court. Accordingly, the Court GRANTS Plaintiff's Request for Judicial Notice. The Court advises Plaintiff "for future reference that [it] need not seek judicial notice of documents filed in the same case," as "[a]n accurate citation will suffice." Gerritsen, 112 F.Supp.3d at 1034.
IV. LEGAL STANDARD
Summary judgment is appropriate when, after adequate discovery, the evidence demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A disputed fact is material where its resolution might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. Id. The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may satisfy that burden by showing "that there is an absence of evidence to support the non-moving party's case." Id. at 325, 106 S.Ct. 2548.
Once the moving party has met its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, the non-moving party must go beyond the pleadings and identify specific facts that show a genuine issue for trial. Id. at 587, 106 S.Ct. 1348. Only genuine disputes over facts that might affect the outcome of the lawsuit will properly preclude the entry of summary judgment. Anderson, 477 U.S. at 248, 106 S.Ct. 2505 ; see also Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001) (holding that the non-moving party must present specific evidence from which a reasonable jury could return a verdict in its favor). A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative. Addisu v. Fred Meyer, 198 F.3d 1130, 1134 (9th Cir. 2000).
A court may consider the pleadings, discovery, and disclosure materials, as well as any affidavits on file. Fed. R. Civ. P. 56(c)(2). Where the moving party's version of events differs from the non-moving party's version, a court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).
Although a court may rely on materials in the record that neither party cited, it need only consider cited materials. Fed. R. Civ. P. 56(c)(3). Therefore, a court may properly rely on the non-moving party to *1217 identify specifically the evidence that precludes summary judgment. Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996).
Finally, the evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of fact and defeat summary judgment. Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson, 477 U.S. at 253, 106 S.Ct. 2505.
IV. DISCUSSION
Plaintiff argues that it does not have a duty to defend Defendants in the Hernandez Action because Defendants failed to notify Plaintiff of the claim within 20 days of receiving it. According to Plaintiff, both the Policy's notice requirement and the "Late Notice Exclusion" preclude coverage.
A. "Occurrence" Policies v. "Claims-Made" Policies
Professional liability insurance policies generally fall into one of two categories: "occurrence" policies and "claims-made" policies. See e.g. Pac. Emp'rs Ins. Co. v. Sup. Ct., 221 Cal.App.3d 1348, 1356, 270 Cal.Rptr. 779 (1990) ; Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002). "Occurrence" policies provide coverage for events that take place during the policy period "even if they lead to claims years after the policy period." Operating Eng'rs , 307 F.3d at 955. "Claims-made" policies provide coverage for claims that are "made within the policy period, regardless of when the events that caused the claim to materialize first occurred." Operating Eng'rs, 307 F.3d at 955 (citing Burns v. Int'l Ins. Co., 929 F.2d 1422, 1424 n.3 (9th Cir. 1991) ); Pac. Emp'rs, 221 Cal.App.3d at 1356-57, 270 Cal.Rptr. 779.
"Claims-made" policies were developed as a way for insurers to "reduce their exposure to an unpredictable and lengthy 'tail' of lawsuits filed years after the occurrence they agreed to protect against." Pac. Emp'rs, 221 Cal.App.3d at 1358, 270 Cal.Rptr. 779. They "permit insurers more accurately to predict the limits of their exposure and the premium needed to accommodate the risk undertaken, resulting in lower premiums than are charged for an occurrence-based policy." Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal.4th 645, 688 n.24, 42 Cal.Rptr.2d 324, 913 P.2d 878 (1995).
"Claims-made policies can be further classified as either claims-made-and-reported policies, which require that claims be reported within the policy period, or general claims-made policies, which contain no such reporting requirement." Operating Eng'rs, 307 F.3d at 955 (emphasis omitted). "The notice provision in a general claims made policy, as in an occurrence policy, often requires notice 'as soon as practicable.' " Id. at 956.
It is undisputed that the Policy is a "claims-made-and-reported" policy. (SUF ¶ 15; Policy at 12-13 (requiring that a claim be made and reported within the policy period).)
B. Notice-Prejudice Rule
Developed in the context of "occurrence" policies, the notice-prejudice rule "bar[s] insurance companies from disavowing coverage on the basis of lack of timely notice unless the insurance company can show actual prejudice from the delay."
*1218 Pac. Emp'rs, 221 Cal.App.3d at 1357, 270 Cal.Rptr. 779. The rule has been extended to general "claims-made" policies. See Operating Eng'rs, 307 F.3d at 956-57 ; Colony Ins. Co. v. Thomas , 2011 WL 13109255, at *8 (C.D. Cal. Jan. 24, 2011) ("Where a policy does not require that claims be reported within the policy period or some specified period of time thereafter, California's 'notice-prejudice' rule applies.").
Plaintiff argues that Defendants' late notice to Plaintiff of the Hernandez Action precludes coverage because the notice-prejudice rule does not apply to the policy at issue, a "claims-made-and-reported" policy. The Court agrees. Indeed, many courts have refused to apply the notice-prejudice rule to "claims-made-and-reported" policies, reasoning that to do so "would materially alter the insurer's risk." Helfand v. Nat'l Union Fire Ins. Co., 10 Cal.App.4th 869, 888, 13 Cal.Rptr.2d 295 (1992) ("The hallmark of a [claims-made-and-reported] policy is that exposure for claims terminates with expiration or termination of the policy, thereby providing certainty in gauging potential liability. ..."); see also Pac. Emp'rs, 221 Cal.App.3d at 1358-59, 270 Cal.Rptr. 779 ("If a court were to allow an extension of reporting time after the end of the policy period, such is tantamount to an extension of coverage to the insured gratis, something for which the insurer has not bargained."); see also Operating Eng'rs, 307 F.3d at 956-57 ; Slater v. Lawyers' Mut. Ins. Co., 227 Cal.App.3d 1415, 1421-23, 278 Cal.Rptr. 479 (1991).
In opposition, Defendants contend that cases cited above are factually distinguishable. Defendants point out that in each of the cases cited above, the insured reported the claim after the policy period expired. Defendants argue that here, although they did not report the claim within the Policy's 20-day time limit, they did report the claim within the policy period. As such, the notice-prejudice rule should apply. (Opp'n at 7-11.)
Defendants' argument is unpersuasive. Case law has yet to make a distinction between a claim reported within the policy period but outside of an additionally imposed time limit, and a claim reported outside of the policy period. See Illinois Ins. Co. v. Brookstreet Sec. Corp., 2009 WL 10671583, at *6 (C.D. Cal. Nov. 20, 2009) (rejecting insured's argument that notice-prejudice rule should apply to "claims-made-and-reported" policies where claim was reported within policy period on basis that insured "presented no persuasive authority to rebut the authority that states that the notice prejudice rule does not apply to claims made and reported policies"). Nor does the Court find any other basis for ignoring the 20-day time limit that the parties bargained for.
Accordingly, the Court GRANTS Plaintiff's Motion as to its first claim for relief.
C. Late Notice Exclusion
Plaintiff argues that the Policy's "Late Notice Exclusion"-which excludes coverage for any claim for which Plaintiff does not receive written notification within 20 days after the claim is made-is an additional basis for denying coverage to Defendants. (Mot. at 22-27.) The Court has already ruled that Defendants' late notice precludes coverage. Accordingly, the Court DENIES Plaintiff's Motion as to its third claim for relief as moot.
V. CONCLUSION
For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is GRANTED in part and DENIED in part.
IT IS SO ORDERED.