NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLENE SUE COX, of Charlene Sue Cox Revocable Trust Dated 10-9-08; ROSE E. HUTCHINSON; TIMOTHY A. HUTCHINSON; LESLIE HUTCHINSON; NICOLAS HUTCHINSON; GEORGE BURTON REX; MELISSA RAE REX; EDITH SHELTON, and as custodian for Amy Shelton; WILDISH STANDARD PAVING CO.; ROBERT SHELTON,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>LIBERTY INSURANCE UNDERWRITERS, INC.,<br><br>Defendant-Appellee. | No. 18-35301<br><br>D.C. Nos. 3:17-cv-01461-MO<br>3:17-cv-01462-MO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted June 3, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

The plaintiffs are investors in Berjac of Oregon and Berjac of Portland (collectively "Berjac"). Berjac filed a Chapter 11 reorganization in 2012. On August 28, 2014, the plaintiffs sued Jones & Roth, P.C. ("JR"), which had provided accounting services to Berjac. At the time the Chapter 11 petition was filed, Liberty Insurance Underwriters, Inc. insured JR under a professional liability "claims made and reported" policy (the "Liberty Policy"). The policy term expired on October 15, 2012.

JR stipulated to judgment in the investors' suit in return in part for a covenant by the investors not to execute and assigned its claims under the Liberty Policy to the investors.[1] The investors then filed the underlying garnishment action against Liberty. After a combined summary judgment hearing and bench trial, the district court entered judgment in favor of Liberty. This appeal by the investors followed.[2] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court correctly held that JR did not notify Liberty of a potential claim by the investors during the policy period, a prerequisite for coverage under the

---

[1] JR stipulated to a $3,500,000 judgment that could be only collected from Liberty. XL Insurance, which had issued a claims-made policy to JR effective October 15, 2012, agreed to cover a $625,000 settlement to the investors.

[2] The Berjac Chapter 11 reorganization had been converted to Chapter 7 proceedings. Thomas Huntsberger, the Chapter 7 trustee, was a party to the underlying garnishment action, but the appeal was voluntarily dismissed with prejudice as to him.

2

Liberty Policy. A representative of JR telephoned Liberty's managing general agent during the policy period and informed the agent of the Berjac Chapter 11 filing, some Oregon regulatory orders involving Berjac, and JR's previous provision of accounting services to Berjac. But, as a prerequisite to coverage of claims not made during the policy period, the Liberty Policy required JR to explain "why the *Potential Claim* may become a *Claim*." Even assuming strict compliance with that provision was not required, *see Sutton v. Fire Ins. Exch.*, 509 P.2d 418, 419–20 (Or. 1973), the district court did not err in concluding that the information supplied by JR during the policy period did not even substantially comply with the policy requirement. Indeed, when applying for a subsequent claims-made policy from another insurer, JR did not list the investors' claims as "claims or incidents . . . notified to an insurance company."

2. The district court also did not err in holding that the so-called "notice-prejudice rule" does not apply in this case. The rule is typically applied to occurrence policies, which cover events occurring during the policy period, because its application "does not materially alter the insurer's risk." *Or. Sch. Activities Ass'n v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 279 F. App'x 494, 495 (9th Cir. 2008) (unpublished) (citation omitted). But, for a claims-made policy, "giving notice within the policy period is what actually creates coverage in the first instance." *Id*.; *see also Burns v. Int'l Ins. Co.*, 929 F.2d 1422, 1424–25 (9th Cir. 1991) (applying

California law and declining to apply the notice-prejudice rule to a claims-made policy).

3. Nor is there coverage by estoppel. Although Liberty may have represented that notice of a Potential Claim through a telephone call would suffice, it did not represent or engage in conduct suggesting that JR did not need to provide the information required by the Liberty Policy in that notice. *See Kabban v. Mackin*, 801 P.2d 883, 886 (Or. Ct. App. 1990).

**AFFIRMED.**