**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EURAUPAIR INTERNATIONAL, INC., | No.    18-55933 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-01661-JVS-DFM |
| v. | |
| IRONSHORE SPECIALTY INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 10, 2019[**]
Pasadena, California

Before:  O'SCANNLAIN, PAEZ, and OWENS, Circuit Judges.

EurAuPair International, Inc. appeals the district court's dismissal with

prejudice of its suit against Ironshore Specialty Insurance Company. The facts are

known to the parties, so we do not repeat them here.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

I

EurAuPair contends that California's notice-prejudice rule applies to its insurance policy. However, EurAuPair's policy with Ironshore is claims-made-and-reported, and the notice-prejudice rule does not apply to claims-made-and-reported policies. *Burns v. Int'l Ins. Co.*, 929 F.2d 1422, 1425 (9th Cir. 1991).[1] Accordingly, the notice-prejudice rule does not apply to EurAuPair's policy, and Ironshore need not demonstrate substantial prejudice to deny coverage.

II

EurAuPair argues that the insurance policy is ambiguous as to whether a claim may be reported during a renewal policy period, and it urges us to construe this ambiguity in EurAuPair's favor. Here, there is no ambiguity. The policy requires EurAuPair to report claims to Ironshore "as soon as practicable but in no event later than thirty (30) days after the end of the Policy Period." "Policy Period" is defined as "the period from the inception date of this Policy to the expiration date of this Policy as set forth in Item 2 of the Declarations." In the first policy, Item 2 declares that the expiration date is October 1, 2015. Thus, the policy is unambiguous in its requirement that EurAuPair report all claims that were made

---

[1] The Ninth Circuit used the term "claims-made," but the policy it described was claims-made-and-reported. *Burns*, 929 F.2d at 1424 ("[T]he insurer is only responsible for claims made during the term of the policy . . . concerning which the insurer is notified within the term of the policy plus sixty days.").

between October 1, 2014 and October 1, 2015 to Ironshore no later than October 31, 2015.

## III

EurAuPair argues that it is entitled to coverage for reasons of equity. However, equitable relief is only justified under unique circumstances, such as when the insured did not have the opportunity to purchase an extended reporting period and the insured reports the claim immediately upon learning it exists. *Root v. Am. Equity Specialty Ins. Co.*, 30 Cal. Rptr. 3d 631, 647 (Ct. App. 2005). Here, EurAuPair knew of the claim within the policy period and had thirty days after the policy expired to report it yet waited sixteen months to do so. Accordingly, equitable relief is not appropriate.

## IV

EurAuPair accuses Ironshore of breach of contract relating to the dispute resolution provision for failure to mediate in good faith. The district court dismissed this claim because EurAuPair did not allege any cognizable damages. However, the district court should have counted mediation fees as damages. EurAuPair paid those fees with the expectation that it would receive something of value—namely, a mediation process conducted in good faith, offering the possibility of resolving the dispute outside of court. If Ironshore did not mediate in good faith, then EurAuPair paid for something that it did not receive.

Nevertheless, we may affirm the district court's decision "on any basis fairly presented by record that, as a matter of law, sustains the judgment." *United States v. Burnette*, 698 F.2d 1038, 1048 (9th Cir. 1983). Ironshore, represented by its attorney, agreed to and participated in a mediation session with EurAuPair in which the parties were unable to resolve their dispute. We cannot reasonably infer from these facts that Ironshore failed to mediate in good faith. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the district court did not err when it dismissed EurAuPair's claim for breach of contract relating to the dispute resolution provision.

V

EurAuPair argues that the district court was wrong to dismiss the request for declaratory judgment because EurAuPair still has a viable claim against Ironshore under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. However, EurAuPair did not raise this claim in the district court, so we will not consider it on appeal. *See Ferris v. Santa Clara Cty.*, 891 F.2d 715, 719 (9th Cir. 1989). Since there are no remaining controversies between the parties, the district court did not err in dismissing the request for declaratory judgment.

VI

EurAuPair lists as an issue that the district court erred by not allowing it to amend its complaint, but EurAuPair did not discuss this issue in the body of its

opening brief. Consequently, such argument is waived. *See Martinez-Serrano v.*

*INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**AFFIRMED.**